

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 4, 1960

Honorable H. J. Blanchard, Chairman
General Investigating Committee
House of Representatives
Great Plains Life Building
Lubbock, Texas

Opinion No. WW-898

Re: Qualifications of Members
of the House of Representa-
tives to serve on interim
committees.

Dear Mr. Blanchard:

As Chairman of the House General Investigating Committee created by H.S.R. 202, 56th Legislature, Regular Session, you have requested an opinion as to the status of three members of the Committee in view of the provisions of Article 5429e, Vernon's Civil Statutes, which reads as follows:

"The membership of any duly appointed Senator or Representative on the Legislative Budget Board or on the Legislative Council, or on any other interim Committee, shall, on the following contingencies, terminate, and the vacancy created thereby shall be immediately filled by appointment for the unexpired term in the same manner as other appointments to the Legislative Budget Board and the Legislative Council are made:

"(a) Resignation of such membership;

"(b) Cessation of membership in the Legislature for death or any reason;

"(c) Failure of such member to secure nomination or election to membership in the Legislature for the next succeeding term."

Your opinion request reads in part as follows:

"I am advised that on September 9, 1954, the Honorable John Ben Shepperd, then Attorney General of Texas, in Opinion No. S-139, rendered an opinion to the effect that members of the House of Representatives

appointed on interim committees were disqualified from service on said committees after the official canvass reflected that they were not re-elected.

"This request is for the purpose of clarification of several questions, to-wit:

"(1) Is a member who is nominated in the primary assured of election, or must he wait until the November General Election?

"(2) On what date does the member become disqualified?

"(3) If a special session of the Legislature is called, are members who have not qualified for re-election disqualified from service during the special session?

"(4) If the answer to No. 3 is No, is the member so disqualified able to serve on committees during the called session?

"(5) If a Democratic nominee becomes disqualified in the event of defeat by an Independent or Republican candidate, does such disqualification take place at the official canvass following the November elections?

"(6) What would preclude a member from running and being elected at the November General Election as an Independent or Republican?

"I would appreciate your prompt attention to this matter, inasmuch as the Hon. Joe Burkett, Carl Conley and I did not seek re-election. Since the official canvass of the Democratic Party was made May 17, 1960, we must determine our course of action.

"Mr. Carr advises that if the three of us are disqualified he desires to appoint other members to replace us."

We have reviewed Opinion No. S-139 and we agree with its holdings. The emergency clause of the bill by which Article 5429e was enacted sheds light on the purpose and intent of the statute. It recited

that "the importance of requiring that Members of the Legislative Budget Board and the Legislative Council, or any other interim Committee, be Members of the Legislature during the term of their appointment, and also for the succeeding term of the Legislature" created the emergency for the enactment. The holdings in Opinion S-139 are in accord with this expressed purpose. Since you probably have not seen the full text of the opinion, we are enclosing a copy herewith. A reading of the opinion will answer some of your questions without further clarification.

The holdings in Opinion No. S-139 which are pertinent to your request are as follows:

1. Subdivision (c) of Article 5429e does not apply to "ex-officio" members of interim committees.

2. Unless terminated earlier by resignation from the committee, cessation of membership in the Legislature, or failure to secure nomination to membership in the Legislature for the next succeeding term, an appointive membership on an interim committee is terminated if the member is not again elected to either the House or the Senate at the general election for the year in which his term of office as legislator is ending. The date of termination is the date on which the results of the election are officially canvassed.

3. Where a member has sought renomination or nomination to the other branch of the Legislature in a party primary and fails to obtain the nomination, his membership on interim committees is terminated on the date of the official canvass of the primary election returns showing that he has been defeated.

4. Where a member's election to the Legislature was as the nominee of a political party which is selecting its nominees for the succeeding term by primary elections, and he did not seek nomination by that party for a place in the Legislature for the succeeding term, his membership on interim committees is terminated on the date of the official canvass of the results of the first primary, unless he has made it known that he will seek re-election in some other manner than as the nominee of that party. (The other methods for seeking re-election which would preserve his status on interim committees pending outcome of his attempt to secure nomination are (1) as the nominee of some other political party, and (2) as the nominee of independent or nonpartisan voters in accordance with Articles 13.50-13.52 of the Election Code.)

5. Membership on the interim committees is terminated immediately upon the canvass of the election returns and does not continue until a successor is appointed. A successor appointed from among the other members of the Legislature would not be qualified to serve if he

likewise had failed to secure nomination or election.

You and Messrs. Burkett and Conley were elected to the House of Representatives as nominees of the Democratic Party. You have stated that neither of you sought re-election. Your questions will be answered with special reference to the status of these three members of the House General Investigating Committee.

In answer to your first question, election takes place in the general election and not in party primaries, no matter how certain election may appear to be by virtue of nomination. However, termination of membership on interim committees is based on failure to secure nomination or election. If a member of the Legislature is nominated in the primary for a succeeding term, he continues to be eligible to serve on interim committees until the official results of the general election show that he has failed to obtain election.

Your second question concerning the date on which the member becomes disqualified to serve on interim committees is answered by the holdings in Opinion S-139, summarized above.

In your third question you ask whether members who have not qualified for re-election are disqualified from service during a special session of the Legislature. In the light of your fourth question, we take Question No. 3 to mean whether members of the Legislature who have become disqualified from serving on interim committees because of failure to secure nomination or election to the succeeding term are also disqualified from serving in sessions of the Legislature.

Section 4 of Article III of the Constitution of Texas provides:

"The members of the House of Representatives shall be chosen by the qualified electors, and their term of office shall be two years from the day of their election."

This provision in the Constitution fixes the length and commencement of the terms of members of the House of Representatives, and the right of a member to serve in sessions of the Legislature during his term of office could not be impaired by statute. Subdivision (c) of Article 5429e does not purport to disqualify members of the Legislature from serving in the legislative sessions, but only from serving on the Legislative Budget Board, the Legislative Council, and other interim committees. Although disqualified from serving on interim committees, a member continues to hold office as a legislator and may serve in sessions of the Legislature during his term of office and until his successor qualifies. Art. XVI, Sec. 17, Texas Constitution.

Question No. 4 is whether a member who is disqualified from serving on interim committees by failure to secure nomination or election to the succeeding term is able to serve on committees during a called session. Article 5429e has no application to service on regular standing committees of the Legislature. We infer that this question has reference to serving on special committees which are authorized to act both during sessions of the Legislature and during the intervals between sessions, and your inquiry is whether such a committee would cease to be an "interim" committee during a called session and therefore removed from the operation of Article 5429e during the called session.

H.S.R. No. 202 provides that the House General Investigating Committee "shall have full freedom to determine the times and places it shall meet, both during the Regular Session, any called session, and during the interim between the adjournment of the Regular Session of the 56th Legislature and the convening of the 57th Legislature." In our opinion, a committee which is authorized to function during the interim between regular sessions does not cease to be an interim committee within the provisions of Article 5429e during the periods of intervening special sessions, and the disqualifications in Article 5429e apply to service during special sessions.

In answer to Question No. 5, if a nominee is defeated in the general election, his disqualification to serve on interim committees occurs when the official canvass of the general election is made.

In Question No. 6 you ask what would preclude a member from running and being elected at the November general election as an Independent or Republican. In Opinion No. S-139 it was pointed out that a person who has been elected to the Legislature as a nominee of a political party is not obliged to seek re-election as that party's nominee. The opinion held, however, that within the meaning of Article 5429e a person who was elected as a party nominee and who has not again sought that party's nomination has failed to secure nomination when it is officially shown that he will not be the party nominee, unless he has made it known that he will seek re-election in some other manner.

As applied to the present fact situation, the date of the canvass of the results of the first Democratic primary on May 17, 1960, was the date on which it was officially shown that a member not seeking renomination of the Democratic Party would not be the party nominee. If on that date the member had made it known that he would seek election as the nominee of some other party or as an independent candidate, his membership on interim committees would continue for the time in

which nomination by the other method could take place, but would terminate upon his failure to secure nomination in that manner. The date for the Republican Party to make its nominations for district offices has already passed, and membership on interim committees is not preserved through this method of nomination unless the member has been named as the Republican nominee. The deadline for filing an application as an independent candidate occurred on July 4, 1960 (30 days after the second primary election day). If by that date a member seeking to become an independent candidate had not filed an application meeting the requirements of Articles 13.50-13.52 of the Election Code, his membership on interim committees was terminated.

We have said that membership on interim committees terminated on the date of canvass of the first primary election returns if the member was theretofore elected as the nominee of the Democratic Party and did not seek the nomination of that party in this year's primary, unless on that date he had made it known that he would seek election by some other method of nomination. Your request suggests the possibility that the member might subsequently decide to become an independent candidate. This raises the question of whether, in the event he did subsequently become a bona fide independent candidate, he would be eligible for re-appointment to the interim committee on which he formerly served. In our opinion, his candidacy would remove the disqualification based on failure to secure nomination and he would become eligible for re-appointment, or for appointment to other interim committees.

## SUMMARY

Under Article 5429e of Vernon's Civil Statutes, membership on interim legislative committees of State Representatives who were theretofore elected as nominees of the Democratic Party and who did not seek nomination of that party for the next succeeding term is terminated on the date of the canvass of the returns of the first Democratic primary unless the member has made it known that he will seek election to the House or Senate as the nominee of some other party or as an independent candidate. If on that date the member has announced that he will seek nomination of some other party or as an independent candidate, his membership on interim committees continues for the period in which nomination by the other method could take place, but terminates upon his failure to secure nomination in that manner. If subsequent to termination of membership by failure to seek

nomination in the primary election the legislator becomes a candidate by some other method of nomination, his disqualification to serve on interim committees is removed and he becomes eligible for appointment to such committees. If a nominee is defeated in the general election, his disqualification to serve on interim committees occurs when the official canvass of the general election is made. A disqualified member may not serve on interim committees during special sessions of the Legislature.

Yours very truly,

WILL WILSON
Attorney General of Texas

By B. H. Timmins
B. H. Timmins, Jr.
Assistant

BHT:lmc

APPROVED:

OPINION COMMITTEE:

Gordon C. Cass, Chairman
Houghton Brownlee
J. C. Davis, Jr.
Morgan Nesbitt
J. Arthur Sandlin

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore